UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHNAZ ZARIF,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HWAREH.COM, INC.,<br><br>　　　　　　　　Defendant. | Case No. 23-cv-0565-BAS-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(ECF No. 14)** |

Pending before the Court is Defendant's Motion to transfer or dismiss (ECF No. 14). Defendant moves under Federal Rule of Civil Procedure ("Rule") 12(b)(2), Rule 12(b)(3), Rule 12(b)(6), Rule 12(f), and 28 U.S.C. § 1404(a) and argues, *inter alia*, that the Court lacks personal jurisdiction over Defendant. The Court agrees and **GRANTS** Defendant's Motion. (ECF No. 14.) The Court further **GRANTS** Plaintiff leave to amend his First Amended Complaint. Because the Court grants the motion on personal jurisdiction grounds, it does not reach Defendant's other arguments.

**I.    BACKGROUND**

Plaintiff alleges that Defendant violated various state and federal wiretapping and privacy statutes. (FAC, ECF No. 9.) On or about March 7, 2023, Plaintiff accessed Defendant's website with his personal computer. (*Id.* ¶ 25.) Unbeknownst to Plaintiff,

Defendant had installed Facebook Pixel software in its website source code, which surreptitiously siphons information from website users and redirects that information to Facebook, Inc. (*Id.* ¶¶ 56–60, 80.) Defendant "utilized Facebook Pixel and other spyware to intercept Plaintiff's and the Class Members' electronic computer-to-computer data communications, including how Plaintiff and Class Members interacted with the website, mouse movements and clicks, keystrokes, search items, information inputted into the website, and pages and content viewed while visiting the website." (*Id.* ¶ 8.) The information gathered included "plaintiff's searches for prescription medication for herself, her infant, and her elderly father." (*Id.* ¶ 81.) Moreover, "Defendant has engineered and coded its website such that no human being could possibly find, observe, and select--let alone read--the website's terms of use or privacy policy and either be made aware of or consent to such interception designed by Defendant." (*Id.* ¶ 60.)

Plaintiff, a resident of San Diego, California, is a Facebook user and a customer of Defendant's website. (*Id.* ¶ 25.) Defendant, a Delaware corporation with its principal place of business in Kentucky, does business throughout the United States and is licensed in California as a non-resident pharmacy. (*Id.* ¶ 26.) Pursuant to California law, Defendant has an agent for service of process in California. (*Id.*) Defendant also "operates and markets [its] services throughout the country and in this District." (*Id.* ¶ 17.)

## II.     LEGAL STANDARD

When raised as a defense by motion, Rule 12(b)(2) authorizes the dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When a dispute between the parties arises concerning whether personal jurisdiction over a defendant is proper, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). When the defendant's motion is based on written materials, and no evidentiary hearing is held, the court will evaluate only whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on the plaintiff's pleadings and affidavits. *Id*. The court must take unchallenged allegations in

the complaint as true, and conflicts between the parties over statements within any affidavits must be resolved in favor of the plaintiff. *Id*.

The general rule provides that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Id*. at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). Both California and federal long-arm statutes require compliance with due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

There are two types of personal jurisdiction: general and specific. *Id*. at 118. General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgewick Assoc. Risk, Ltd.*, 769 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction permits the court to exercise jurisdiction over a defendant who has availed itself through forum-related activities that gave rise to the action before the court. *Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled on other grounds in part by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

### III. ANALYSIS

Defendant challenges Plaintiff's assertion of personal jurisdiction. In response, Plaintiff argues he has adequately pled specific jurisdiction.[1] Thus, the Court analyzes the Ninth Circuit's three-pronged test for specific jurisdiction:

---

[1] Plaintiff does not argue he has pled general jurisdiction, and so, the Court does not consider the issue.

>   (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>   (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>   (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two prongs and, if successful, the burden shifts to the defendant on the third prong to prove that jurisdiction is unreasonable. *Id.* If any prong is not satisfied, then jurisdiction in the forum would deprive the defendant of due process of law. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). As discussed below, Plaintiff has failed to establish the first prong.

The first prong requires Plaintiff to show that Defendant either purposefully availed itself of the forum or purposefully directed its conduct at the forum. Courts typically apply "purposeful availment" analysis to suits sounding in contract, while courts apply "purposeful direction" analysis to suits, like this one, that sound in tort. *See S.D. v. Hytto Ltd.*, No. 18-cv-00688-JSW, 2019 WL 8333519, at *3 (N.D. Cal. May 15, 2019); *see also In re: Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1215 (C.D. Cal. 2017) ("Plaintiffs' federal claims under the Wiretap Act bear a 'close relationship' to the tort of invasion of privacy.").

A defendant purposefully directs its activities toward the forum when the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). Courts refer to this as the "*Calder* effects test." *See Hytto*, 2019 WL 8333519, at *3. A plaintiff must fulfill all three

requirements to progress forward to the second prong of the specific jurisdiction test. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018).

The first part of the *Calder* effects test requires that the defendant have committed an intentional act. *Ayla*, 11 F.4th at 980. A defendant acts intentionally when he or she acts with "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *AMA*, 970 F.3d at 1209 (quoting *Schwarzenegger*, 374 F.3d at 806). In *AMA*, the Ninth Circuit stated intent was established through the defendant's partnership with a media company that owned and operated a pornography website. *Id.* The operation of a website is an intentional act; therefore, the defendant met the first requirement of the *Calder* effects test. *See id.*; *see also Hytto*, 2019 WL 8333519, at *4 ("The 'intentional act' standard is easily satisfied here because [the plaintiff] alleges that [the defendant] purposefully intercepted electronic transmissions from and/or to users in the U.S."). Likewise, in this case, the "intentional act" prong is easily satisfied. Plaintiff alleges, "Defendant intentionally tapped and made unauthorized interceptions and connections to Plaintiff and Class Members' electronic communications to read and understand movement on the website . . . ." (FAC ¶ 8.)

Next, the Court must determine whether Plaintiff adequately pleads that Defendant "expressly aimed" its intentional act—collecting personal data from its website—at this forum. *See Ayla*, 11 F.4th at 980. He does not. The Ninth Circuit first addressed this issue in *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414 (9th Cir. 1997). *Cybersell* relied partly on *Zippo Manufacturing. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), which stated personal jurisdiction may be constitutionally exercised over an entity that conducts business over the Internet if the nature and quality of that business is so significant that failing to exercise jurisdiction over it in that forum would be unreasonable. However, *Cybersell* added an additional requirement to this standard: there must be "something more to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Cybersell*, 130 F.3d at 418. Without

this "something more," an intentional act is not an act "expressly aimed" at the forum state. *Id*.

This inquiry requires courts to "focus on the defendant's contacts with the forum state, not the defendant's contacts with the resident of the forum." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015); *see also Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("Mere injury to a forum resident is not a sufficient connection to the forum."). "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011). But where "a website with national viewership and scope appeals to, and profits from, an audience in a particular state, the site's operators can be said to have 'expressly aimed' at the state." *Id.*

Plaintiff relies on two cases; both are distinguishable. In *Oakley, Inc. v. Donofrio*, the plaintiff, Oakley, Inc., alleged that the defendants "engaged in a scheme to sell Oakley products via eBay without authorization and in violation of a Retail Sales Agreement." No. SACV 12-02191-CJC(RNBx), 2013 WL 12126017, at *1 (C.D. Cal. June 14, 2013). The district court found specific jurisdiction based on two key allegations: (1) Defendants "exploited the benefits of the California market" by "accepting orders from [California] consumers through eBay and shipping products to consumers in California" and (2) Defendants "knew they were infringing intellectual property of a corporation headquartered and principally doing business in California." *Id.* at *6–7. In *Loomis v. Slendertone Distribution, Inc.*, the court found that the defendant had "expressly aimed its conduct toward California because, among other things, the defendant maintained an interactive website available to California residents, exploited the California advertising market, sold products through the website to California residents, and exchanged information with users in California." 420 F. Supp. 3d 1046, 1069–70 (S.D. Cal. 2019). Specifically, the court pointed out that the defendant not only had a designated agent registered in California, but also "directly targeted California with television commercials directed to Plaintiff's California home and advertisements on Defendant's own website:

'We put The Flex Belt in the hands of the best Trainers in Los Angeles,' and 'Ellen K from the Ryan Seacrest Show uses The Flex Belt-#1 Female DJ in Los Angeles.'" *Id.* at 1070.

In this case, Plaintiff alleges Defendant has a registered agent in California and "markets [its] services throughout the country and in this District." (FAC ¶¶ 17, 24.) But these allegations are insufficient. First, registering an agent with the California Secretary of State does not alone "amount to substantial contacts for jurisdictional purposes." *Nutrishare, Inc. v. BioRX, L.L.C.*, No. CVS-008-1252 WBS EFB, 2008 WL 3842946, at *3 (E.D. Cal. Aug. 14, 2008). In *Nutrishare*, the plaintiff argued that defendant purposefully availed itself of the forum by registering with the California State Board of Pharmacy and appointed an agent for service of process. *Id.* at *5–6. The court rejected this argument, reasoning that compliance with state registration laws does not justify hauling a defendant across state lines. *Id.* Second, although specific allegations of forum state marketing may support specific jurisdiction, Plaintiff's bare allegation of "marketing" is insufficient. Unlike the complaint in *Loomis*, which included descriptions of particular advertisements, Plaintiff includes no specifics. Without more, the Court cannot infer that Defendant's marketing targets California. Moreover, neither of the bases for jurisdiction in *Oakley* are present here. Plaintiff does not allege that any products were shipped to California[2] or that Defendant was targeting a known California resident. *See Oakley*, 2013 WL 12126017, at *6–7.

Plaintiff does not allege sufficient facts to support the "something more" required for express aiming, and therefore, flunks the *Calder* effects test.[3] Thus, Plaintiff fails to establish purposeful direction and, accordingly, fails to establish specific jurisdiction.

---

[2] Even if the FAC did allege products shipped to California, Plaintiff would still need to demonstrate that his harm arose out of those forum contacts. *See Oakley*, 2013 WL 12126017, at *7–8.

[3] Plaintiff does not raise jurisdictional discovery. And a mere "hunch" that discovery might yield jurisdictionally relevant facts is insufficient. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-65 (9th Cir. 2022). Therefore, the Court does not further consider this issue.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED.** (ECF No. 14.) The Court also **GRANTS** Plaintiff leave to amend his FAC. If Plaintiff chooses to file a second amended complaint, he must do so on or before September 5, 2023.

The Court also directs the Clerk of Court to **TERMINATE AS MOOT** Defendant's duplicative Motion to transfer or dismiss. (ECF No. 8.)

**IT IS SO ORDERED.**

**DATED: August 15, 2023**

Hon. Cynthia Bashant
United States District Judge